IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALISHA T. PARMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-CV-796 |
| | ) | |
| YWCA OF WINSTON-SALEM/FORSYTH CO., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on separate motions to dismiss: one by the defendant YWCA of Winston-Salem/Forsyth County, (Doc. 13), and the second by the defendants Tim Browder, Greg Fagg, Nancy Majcher, Kristin O'Leary, Kim Oliver, and Christy Respess. (Doc. 15). The Court will grant the motions to dismiss.

### Title VII/NCEEPA Claims

The defendants contend that the Court lacks subject matter jurisdiction of any Title VII claims because Ms. Parms has not shown that she exhausted administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). (Docs. 14 at 11-13; 16 at 15-17). Ms. Parms has submitted a right-to-sue letter from the EEOC, which shows a copy was sent to Maureen Geraghty. (Doc. 2-1 at 1). Ms. Parms also submitted a letter to the EEOC from Ms. Geraghty, counsel for the YWCA, responding to Ms. Parms's charge of race discrimination and retaliation against the YWCA. (Doc 27-1 at 1-6). In its reply brief, the YWCA did not address this evidence. (Doc. 31). These documents

indicate that Ms. Parms exhausted her administrative remedies and that this Court has jurisdiction. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir. 2000).

To the extent Ms. Parms asserts discrimination and retaliation claims against individual defendants, those claims will be dismissed. Title VII does not authorize claims against supervisors or other employees. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998). To the extent she asserts similar claims against individual defendants for wrongful discharge in violation of North Carolina public policy, those claims do not lie against individual employees. *Hooper v. North Carolina*, 379 F. Supp. 2d 804, 814-15 (M.D.N.C. 2005); *Lorbacher v. Hous. Auth. of Raleigh*, 127 N.C. App. 663, 671, 493 S.E.2d 74, 79 (1997).

Nor has Ms. Parms stated a claim for discrimination or retaliation against the YWCA. While she makes some general allegations that she was terminated based on conduct that did not lead to termination for white employees, (Doc. 2 at 3), her complaint is largely formulaic recitations and conclusions. It is significantly less detailed than that held to be insufficient in *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585-86 (4th Cir. 2015). Ms. Parms makes no mention of complaints to anyone of any racial discrimination or of any facts reflecting retaliation. These claims will be dismissed.

**Defamation**

To the extent Ms. Parms asserts claims for defamation, (*see* Doc. 2 at 4), she alleges insufficient facts. In her complaint, she does not identify a false or defamatory statement, identify which defendant or defendants made any false statement, nor state when such a statement was made. (*See* Doc. 2). The complaint does not identify the

2

person or entity to whom the defamatory comment was made or allege the harm or injury suffered. (*Id.*) The conclusory use of the phrase "defamation of character" is insufficient to state a claim.

**Other Matters**

Ms. Parms has filed several paper writings related to the pending motions to dismiss. (Docs. 25-30, 32, 33.) The Local Rules allow a litigant to file only a response and a brief in opposition to a motion, and Ms. Parms has not received permission from the Court to file surreply briefs. In view of her *pro se* status, the Court has reviewed all the paper writings filed on January 26 but has not reviewed those paper writings filed after the defendants' reply brief, (Doc. 31), was filed. The paper writings filed at Docket 32 and 33 are unauthorized surreply briefs and will be stricken.

In her papers filed in opposition to the motion to dismiss, (Docs. 25-30), Ms. Parms makes a number of statements that go beyond the allegations of her complaint. She also attaches documents. Because the Court is limited to the complaint in connection with the Rule 12(b)(6) motion, the Court has not considered these factual contentions. Nor is the Court able to tell if Ms. Parms might be able to state a claim if given a chance to amend her complaint, as her statements tend to be without context, unclear, and conclusory.

Nonetheless, Ms. Parms expressed a desire to file an amended complaint. (Doc. 12 at 3). If by March 28, 2016, Ms. Parms files a motion to file an amended complaint with a proposed amended complaint attached and accompanied by a brief, the Court will consider the motion. The Court suggests that Ms. Parms review the Rules of Civil

Procedure and the Local Rules governing civil cases in the Middle District before filing any such motion. In the absence of such a motion, the Court will enter judgment.

It is **ORDERED** that the motions to dismiss, (Docs. 13, 15), are **GRANTED** and the paper writings filed by the plaintiff at Docket 32 and Docket 33 are **STRICKEN**.

This the 29th day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE